IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ROUDYBUSH,            )
                           )
            Plaintiff,     )
                           )
vs.                        )   Case No. 17-2421-CM-KGG
                           )
ELLEN MITCHELL, *et al.*,  )
                           )
            Defendants.    )
_____)

**ORDER ON MOTION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND
MOTION TO APPOINT COUNSEL, AND
REPORT & RECOMMENDATION OF DISMISSAL**

In conjunction with his federal court Complaint, *pro se* Plaintiff John Roudybush has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3, sealed) with supporting financial affidavit (Doc. 3-1, sealed) as well as a Motion to Appoint Counsel (Doc. 4). Having reviewed Plaintiff's motions, as well as his Complaint, the Court **GRANTS** *IFP* application and **DENIES** Plaintiff's request for counsel. Further, the Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's claims in their entirety.

**I.   Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 54 years old and single with an infant, who he lists as a "companion," identified as a dependent. (Doc. 3-1, sealed, at 1-2.) He indicates he provides a small amount of monthly support for the infant. (*Id*., at 2.) He is currently unemployed but previously worked as a manager or sales person making a steady weekly wage. (*Id*., at 2-3.) He owns real property, but apparently owes significantly more than the property is worth (*Id*., at 3.) He does not own an automobile. (*Id*., at 4.)

Plaintiff lists no cash on hand or income from other sources such as

government benefits. (*Id*., at 4-5.) He enumerates typical monthly expenses, including rent, groceries, and utilities in addition to significant debts. (*Id*., at 5.) He has never filed for bankruptcy. (*Id*. at 6.)

Considering all of the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

## II. Motion to Appoint Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.) There is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is

deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

As discussed in Section I., above, Plaintiff's financial situation would make it impossible for him to afford counsel. The second ***Castner*** factor is Plaintiff's diligence in searching for counsel. The form motion used by Plaintiff indicates that he has contacted at least 12 attorneys but was unable to find representation. (Doc. 4.)

The next factor is the merits of Plaintiff's case. *See* ***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. As discussed in Section III, below, the Court has serious concerns regarding the viability of Plaintiff's claims.

4

This factor thus weighs against the appointment of counsel. The Court will, however, focus its analysis on the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff has presented no special circumstances that would justify the appointment of counsel in this instance. As such, the Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**III. Sufficiency of Complaint and Recommendation of Dismissal.**

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

Although a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

As an initial matter, four of the individual Defendants listed in the

Complaint – William B. Elliot, Richard A. Buck, Steve Marten, and Melvin Ray Lagerman – are not mentioned anywhere in the factual allegations or in the context of Plaintiff's legal assertions. (*See id*., at 1-9.) Simply stated, there is not a single factual allegation regarding these four individuals linking them to any potential cause of action or claim for relief. Their names are merely listed on page 2 of the Complaint. Thus, the Court is unable to glean any viable cause of action against these Defendants arising out of the allegations stated by Plaintiff. The Court **recommends** that the District Court **dismiss** these four Defendants (Elliot, Buck, Marten and Lagerman) from this case.

Plaintiff's Complaint lists causes of action for fraud, perjury, and witness tampering. (Doc. 1, at 3.) He contends that Defendant Ellen Mitchell, who he identifies as a county attorney, "has conspired with other[s] to commit purgery [sic], fraud and harass [Plaintiff] over 15 years!" (*Id*.)

A narrative attachment to Plaintiff's Complaint contains additional information, including allegations unrelated to his claims of perjury, fraud and harassment. The Court notes that Ms. Mitchell is not referenced anywhere in the attachment. (*Id*., at 809.) In the attachment, Plaintiff contends that he was injured with a hernia while "through [thrown] in to jail . . . and Saline Co. has made no attempted [sic] to pay for the injury they have caused." (*Id*., at 8.) He does not,

9

however, provide any factual allegations that would link Ms. Mitchell to this alleged injury. The Court surmises from Plaintiff's Complaint that Ms. Mitchell is a prosecuting attorney, not an employee or administrator of the Saline County jail. The Court fails to see how she would be legally responsible for Plaintiff's treatment while incarcerated.

Most of the remainder of Plaintiff's allegations relate to his unsuccessful attempts to seek representation for his claims and his unsuccessful attempts to receive compensation from Saline County for his alleged injuries. (*Id*., at 8-9.) There is nothing in the Complaint or narrative attachment indicating that Ms. Mitchell, as a prosecuting attorney, would have authority to enter into settlement negotiations on behalf of Saline County. There are no factual allegations indicating that she was engaged in efforts to deny him representation.

Plaintiff also requests that the Court file a criminal complaint "with the United States district prosecuting attorneys" against the Defendants. (*Id*., at 9.) The Tenth Circuit has concluded that such an order is inappropriate as it "would improperly intrude upon the separation of powers." ***Presley v. Presley***, 102 F. App'x 636, 636 (10th Cir. 2004).

As stated above, for purposes of this Order, the Court liberally construes the allegations in Plaintiff's Complaint. While the Court is sympathetic to the obvious

frustration felt by Plaintiff, the Court cannot find that his Complaint states a plausible cause of action to which the Defendants could be reasonably expected to respond, or which could form a basis for relief from this Court.

Plaintiff has failed to provide any factual detail as to how Defendants conspired to commit perjury or fraud. The Complaint is also devoid of specifics as to how he was "harassed" by Defendants. Finally, there is no indication as to when any of the complained-of activity occurred, including Plaintiff's alleged injury sustained in jail. This raises serious concerns regarding the potential statutes of limitations for Plaintiff's claims. As such, the Court finds Plaintiff's Complaint to be frivolous.

Plaintiff has failed to allege sufficient facts to state a claim which is facially plausible. He has not stated a claim upon which relief may be granted through his mere conclusions that Defendants are liable for his alleged injuries. *See **Fisher***, 531 F. Supp.2d at 1260 (citations omitted). The undersigned Magistrate Judge thus **recommends** that the District Court **DISMISS** Plaintiff's Complaint (Doc. 1) in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *IFP* (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of August, 2017.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge