# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN ROUDYBUSH,                )
                               )
         Plaintiff,         )
                               )
v.                             )
                               )   Case No. 17-2421-CM
ELLEN MITCHELL, et al.,        )
                               )
         Defendants.        )
                               )

## MEMORANDUM AND ORDER

On August 3, 2017, Magistrate Judge Kenneth G. Gale filed a Report and Recommendation, recommending that this court dismiss plaintiff's complaint as frivolous (Doc. 6). Judge Gale notified plaintiff that any objections to the order were due by August 17, 2017. Because the order was not delivered until August 16, 2017, the deadline was extended to August 30, 2017.

On August 31, plaintiff filed "Motion for Documents Prepare[d] in Layman's Form" (Doc. 8). In that motion, plaintiff asks the court to use plain language and send him copies of all cases cited in orders because he does not have the same legal resources as an attorney. This motion is granted in part and denied in part. The court will use plain language in its orders, mindful of plaintiff's circumstances and lack of legal training. The court will not, however, attach copies of cases cited in its opinions.

That same day, plaintiff filed "Motion for Review for Order on Motion to Proceed without Prepayment of Fees, Motion to Appoint Counsel, and Report & Recommendation of Dismissal" (Doc. 9). Although this document is titled as a motion, it is essentially an objection to the Report and Recommendation, and the court will treat it as such. It is untimely by one day, but the court excuses the untimeliness in this instance in the interest of justice.

On October 4, 2017, plaintiff filed "Civil/Criminal Complaint II to Show Cause" (Doc. 10). This appears to be an attempt to belatedly supplement plaintiff's objections to Judge Gale's Report and Recommendation.

Also on October 4, 2017, plaintiff filed two additional documents that appear to relate to the Report and Recommendation dated August 3: "Motion for Continuance for Additional Short Exten[s]ion" (Doc. 11) and "Motion for Continuance for Motion to Appoint Counsel and Report & Recommendation of Dismissal" (Doc. 12). Both of these documents appear to request a thirty-day extension of time to respond to Judge Gale's order. Doc. 12 is dated August 31, 2017, although it was not filed until October 4. It appears that plaintiff believed he had already sent this document for filing. Doc. 11 is dated October 4, 2017. In Doc. 11, plaintiff asks not only for the original additional thirty days, but also an additional eight days to respond to Judge Gale's order. The court would be justified in denying both of these motions as untimely and in disregarding plaintiff's belated supplemental objection to Judge Gale's order. Because plaintiff appears to have tried to send the original request for additional time on August 31, however, the court will grant Doc. 12 and consider Doc. 10 as a supplemental objection to Judge Gale's order. Doc. 11 is also granted, but because the additional eight days have already expired with no further filing, plaintiff is not entitled to file another supplemental objection to Judge Gale's order.

In light of these rulings, the court now turns to the Report and Recommendation of Judge Gale, considering both Docs. 9 and 10 as plaintiff's objections to the order. The court has reviewed the decision not to appoint counsel under a "clearly erroneous or contrary to law" standard and plaintiff's complaint under a de novo standard. *See* Fed. R. Civ. P. 72(a), (b). First: appointment of counsel. Judge Gale appropriately applied the factors for appointment of counsel in *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Although plaintiff cannot afford counsel

and has contacted a number of attorneys without success, Judge Gale appropriately found that appointment is not proper because of the lack of merit in plaintiff's case (as explained below) and because the legal and factual issues in this case are not unusually complex. The court overrules plaintiff's objection to Judge Gale's decision to deny appointment of counsel.

Second: plaintiff's complaint. The court first dismisses William B. Elliot, Richard A. Buck, Steve Marten, and Melvin Ray Lagerman because plaintiff failed to make any factual allegations against these defendants. As for Ellen Mitchell, plaintiff states that she "has conspired with other[s] to commit [perjury], fraud and harass [plaintiff] over 15 years!" Plaintiff identified Ms. Mitchell as a county attorney. But plaintiff does not provide factual details about how Ms. Mitchell conspired to commit perjury or fraud or harass plaintiff. Doc. 9 does not give any additional factual details. In Document 10, however, plaintiff makes more specific allegations against Ms. Mitchell and Mr. Lagerman. Plaintiff also indicates a willingness to dismiss Mr. Elliot, Mr. Buck, and Mr. Marten in Doc. 10.

Even if the court were to consider the additional allegations in Doc. 10 (although they are not included in plaintiff's complaint), plaintiff still fails to state a claim. All of plaintiff's allegations are about actions that are related to legal actions in Saline County, Kansas. Plaintiff may not use this court to collaterally attack state court proceedings. Plaintiff appears to believe that Ms. Mitchell improperly handled a criminal case against him and Mr. Lagerman signed a false affidavit in the criminal case. If the court were to allow plaintiff to proceed with his allegations, plaintiff would effectively be able to challenge a state court trespassing case in federal court. The court lacks jurisdiction to hear these types of claims under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *see also Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706–07 (10th Cir. 2004). This doctrine

"prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although plaintiff does not overtly ask for this court to set aside a judgment against him, he does challenge the actions of participants in the state court action. If this court reviewed those actions, it would necessarily call into question any judgment. The court therefore dismisses plaintiff's complaint for lack of jurisdiction.

Plaintiff's complaint also fails to state a claim for additional reasons. First, he brings this action against Ms. Mitchell for her actions as a county attorney. A prosecutor is entitled to immunity for her actions taken as prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). This immunity extends to all activities that are "intimately associated with the judicial . . . process." *Id.* at 430–31; *see also Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000). Here, plaintiff complains of Ms. Mitchell's actions associated with her role in bringing charges against plaintiff, and her actions therefore fall within this grant of immunity. *Cf. Imbler*, 424 U.S. at 428–29 (holding that a prosecutor is immune from § 1983 liability for malicious prosecution).

As for plaintiff's remaining claims against Mr. Lagerman, the court dismisses them because there is no allegation that Mr. Lagerman is a state actor. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, and such claims must be against state actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that private conduct, "no matter how discriminatory or wrongful," is not redressable by a § 1983 claim) (citation omitted). From plaintiff's papers, it appears that Mr. Lagerman is plaintiff's neighbor.

Finally, plaintiff asks this court to institute criminal charges against the named defendants. This is not permitted. *Presley v. Presley*, 102 F. App'x 636, 636 (10th Cir. 2004) ("[W]e hold that such an order would improperly intrude upon the separation of powers.").

For all of these reasons, as well as the reasons stated in Judge Gale's order, the court adopts the Report and Recommendation of Judge Gale and dismisses this case under the standards of 28 U.S.C. § 1915, Fed. R. Civ. P. 12(b)(1), and Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that "Motion for Documents Prepare[d] in Layman's Form" (Doc. 8) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that "Motion for Review for Order on Motion to Proceed without Prepayment of Fees, Motion to Appoint Counsel, and Report & Recommendation of Dismissal" (Doc. 9) is treated as plaintiff's objection to Judge Gale's order. The court grants the request to review, but denies the relief that plaintiff seeks.

**IT IS FURTHER ORDERED** that "Motion for Continuance for Additional Short Exten[s]ion" (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that "Motion for Continuance for Motion to Appoint Counsel and Report & Recommendation of Dismissal" (Doc. 12) is granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Judge Gale dated August 3, 2017, is adopted in full. The court dismisses plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.

The case is closed.

Dated this 19th day of October, 2017, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**